UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA and the
PEOPLE OF THE STATE OF NEW YORK *ex
rel* LYNNETH PURNELL,

      Plaintiffs,

  v.

COMPASSIONATE CARE HOSPICE, INC.,

      Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA,

      Plaintiff-Intervenor,

  v.

COMPASSIONATE CARE HOSPICE OF NEW
YORK, LLC and COMPASSIONATE CARE
HOSPICE GROUP LTD.,

      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

11 Civ. 7071 (JPO)

**STIPULATION AND ORDER OF
SETTLEMENT AND DISMISSAL**

WHEREAS, this Stipulation and Order of Settlement and Dismissal (the "Stipulation") is entered into by and among the United States of America (the "United States"), by its attorney Preet Bharara, United States Attorney for the Southern District of New York, defendants Compassionate Care Hospice of New York, LLC ("CCH-New York"), and Compassionate Care Hospice Group, Ltd. ("CCH Group"), through their respective authorized representatives, and relator Lynneth Brooks ("Relator"),[1] through her authorized representative (collectively, the "Parties");

WHEREAS, CCH-New York is a New York limited liability company with its principal place of business in Brooklyn and Bronx, New York, which provides for-profit hospice

---

[1] Ms. Brooks is identified in the caption and complaint as Lynneth Purnell.

services to terminally ill individuals, including services reimbursed by Medicare and Medicaid;

WHEREAS, CCH Group is an Illinois corporation with its principal place of business in Parsippany, New Jersey, and subsidiaries and/or affiliates in 22 states, including New York;

WHEREAS, on or about October 6, 2011, Relator filed a complaint ("Relator's Complaint") in the above-referenced action against Compassionate Care Hospice, Inc., pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b), on behalf of the United States as well as the State of New York ("New York");

WHEREAS, in November 2014, the United States intervened in the action and on January 26, 2015, filed a complaint-in-intervention ("United States Complaint") against CCH-New York and CCH Group (collectively, "CCH"), alleging that between May 2010 and September 2011, with respect to claims submitted for services purportedly rendered by CCH-New York, CCH caused false and fraudulent claims for reimbursement from Medicare and Medicaid to be submitted for hospice nursing services not rendered or inadequately provided by CCH-New York (the "Covered Conduct");

WHEREAS, the United States alleges that CCH is liable for damages and civil penalties for the Covered Conduct under the False Claims Act, 31 U.S.C. § 3729 *et seq.* ("FCA");

WHEREAS, the Parties have reached a full and final, mutually agreeable resolution of all claims asserted in Relator's Complaint and the United States Complaint;

NOW, THEREFORE, upon the Parties' agreement, IT IS HEREBY ORDERED that:

1. CCH-New York and CCH Group consent to this Court's exercise of personal jurisdiction over each of them.

2. A consent judgment (the "Judgment"), in the form of Exhibit A to this Stipulation, shall be entered against CCH-New York and in favor of the United States in the

amount of $4,992,000 (the "Settlement Amount"). The Settlement Amount shall be paid by CCH-New York on the following terms: (i) the first payment, in the amount of $499,200, shall be made within 60 days of the entry of this Stipulation; and (ii) twenty subsequent payments, each in the amount of $224,640, plus interest compounded annually at the rate of 2.0%, which is the current Medicare Trust Fund interest rate, shall be made quarterly, starting on June 30, 2015. CCH-New York shall make payments of the Settlement Amount by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office for the Southern District of New York.

3.   CCH-New York shall have the right to pre-pay the entire balance due without penalty and may tender payments in amounts greater than those stipulated in Paragraph 2. CCH-New York shall also have the right to transfer its payment obligations to CCH Group, provided that CCH Group consents in writing to such a transfer and the United States is given 30 days' notice of such a transfer. Upon any such transfer, CCH Group agrees to adhere to all payment terms in this Stipulation, including but not limited to Paragraph 2.

4.   In the event the Settlement Amount is not paid in full in accordance with the terms set forth in Paragraphs 2 and 3 above, CCH shall agree to the entry of a Consent Judgment, as against both CCH-New York and CCH Group, in the amount of one and one half times (*i.e.*, 150%) the unpaid balance. Additionally, the United States, at its option, also may: (a) rescind this Stipulation and reinstate its Complaint filed in this action as to CCH or seek specific performance of this Stipulation; (b) offset the remaining unpaid balance from any amounts due and owing CCH by any department, agency or agent of the United States at the time of default; or (c) exercise any other rights granted by law, or under the terms of this Stipulation, or recognizable at common law or in equity. In the event that the United States opts to rescind this Stipulation pursuant to this Paragraph, CCH shall not plead, argue, or otherwise raise any

defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any civil or administrative claims that relate to the Covered Conduct, except to the extent such defenses were available on the Effective Date. In the event the Settlement Amount is not paid in full, CCH shall not contest any offset imposed or any collection action undertaken by the United States pursuant to this Paragraph, either administratively or in any court. In addition, in the event the Settlement Amount is not paid in full, CCH shall pay to the United States all reasonable costs of collection and enforcement under this Paragraph, including attorney's fees and expenses. In the event that the United States opts to seek specific performance of this Stipulation, interest shall accrue at the rate of 9% per annum compounded annually on the payment that is due under Paragraph 2 above.

5. CCH admits, acknowledges and accepts responsibility for the following facts:

   a. Between May 2010 and September 2011, CCH-New York, at its Bronx location, did not treat certain of its patients according to an individualized plan of care;

   b. Between May 2010 and September 2011, CCH-New York, at its Bronx location, did not adequately maintain a system of communication and integration among its interdisciplinary team, to ensure that plans of care were being followed for each patient;

   c. Between May 2010 and September 2011, CCH-New York, at its Bronx location, failed to make certain nursing services routinely available on a 24-hour basis, 7 days a week;

   d. Between May 2010 and September 2011, CCH-New York, at its Bronx location, failed, in certain instances, to ensure that its nursing services were provided in accordance with the plan of care;

   e. Between May 2010 and September 2011, CCH-New York, at its Bronx location, failed to maintain adequate clinical records; and

   f. Between July 2010 and April 2011, CCH Group failed to provide

> sufficient oversight of CCH-New York's Bronx location to ensure that the compliance audit results for that location reflected adherence to all applicable regulations.

6. CCH shall cooperate and participate fully in any criminal, civil or administrative investigation or prosecution of former CCH-New York officers or employees, by the United States or any government agency or entity, related to the Covered Conduct.

7. Subject to the exceptions in Paragraph 12 below (concerning excluded claims), conditioned upon CCH's full payment of the Settlement Amount pursuant to Paragraph 2, the United States, on behalf of itself, its officers, agencies and departments, releases CCH-New York, CCH Group, and all of CCH Group's current officers, directors, employees, shareholders, and assigns, from any civil or administrative monetary claim the United States has under the FCA; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801, *et seq.*; and the common law or equitable theories of payment by mistake, unjust enrichment, and fraud, for the Covered Conduct. This Paragraph does not release any former officers or employees of CCH-New York from any liability of any kind related to the Covered Conduct.

8. In consideration of the obligations of CCH in this Agreement and the Corporate Integrity Agreement ("CIA"), entered into between the U.S. Department of Health and Human Services' Office of Inspector General ("HHS-OIG") and CCH, a copy of which is attached to this Stipulation as Exhibit B, and conditioned upon CCH's full payment of the Settlement Amount, the HHS-OIG agrees to release and refrain from instituting, directing, or maintaining any administrative action seeking exclusion from Medicare, Medicaid, and other Federal health care programs (as defined in 42 U.S.C. § 1320a-7b(f)) against CCH under 42 U.S.C. § 1320a-7a (Civil Monetary Penalties Law) or 42 U.S.C. § 1320a-7(b)(7) (permissive exclusion for fraud, kickbacks, and other prohibited activities) for the Covered Conduct, except as reserved in

Paragraph 12 (concerning excluded claims), below, and as reserved in this Paragraph. The HHS-OIG expressly reserves all rights to comply with any statutory obligations to exclude CCH from Medicare, Medicaid, and other Federal health care programs under 42 U.S.C. § 1320a-7(a) (mandatory exclusion) based upon the Covered Conduct. Nothing in this Paragraph precludes the HHS-OIG from taking action against entities or persons, or for conduct and practices, for which claims have been reserved in Paragraph 12 below. Notwithstanding the foregoing, in the event the Settlement Amount is not paid in full by CCH, the HHS-OIG may exclude CCH from participating in all Federal health care programs until CCH pays the Settlement Amount and reasonable costs as set forth in Paragraph 4 above. The HHS-OIG will provide written notice of any such exclusion to CCH. In the event the Settlement Amount is not paid in full by CCH, CCH waives any further notice of the exclusion under 42 U.S.C. § 1320a-7(b)(7), and agrees not to contest such exclusion either administratively or in any State or Federal court. Reinstatement to program participation is not automatic. If at the end of the period of exclusion CCH wishes to apply for reinstatement, CCH must submit a written request for reinstatement to the HHS-OIG in accordance with the provisions of 42 C.F.R. §§ 1001.3001-.3005. CCH will not be reinstated unless and until the HHS-OIG approves such request for reinstatement.

9. Subject to full payment of the Settlement Amount, Relator, for herself and for her heirs, successors, attorneys, agents, and assigns, releases CCH: (a) from any claims Relator has asserted, or could have asserted, or may assert in the future for any acts or omissions that predated this Stipulation; and (b) from any claims that Relator has or could have had on behalf of the United States for the conduct alleged in the Relator's Complaint or the United States Complaint under the FCA, 31 U.S.C. §§ 3729, *et seq.*; provided, however, that nothing in this Stipulation shall preclude Relator from seeking to recover her expenses, costs or attorney's fees from CCH, pursuant to 31 U.S.C. § 3730(d).

10. In consideration of Relator's execution of this Stipulation and Relator's releases as set forth in Paragraph 9 above, CCH releases Relator and her heirs, attorneys, agents, successors, and assigns from any and all claims for any action, event, or conduct, known or unknown, that predates this Stipulation.

11. Relator and her heirs, successors, attorneys, agents, and assigns shall not object to this Stipulation, and agree and confirm that this Stipulation is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B). Subject to any claims that Relator may have under 31 U.S.C. § 3730(d) for her share of the Settlement Amount, as set forth above in Paragraph 2, pursuant to the Stipulation and Order of Settlement and Release between Relator and the United States, Relator, for herself individually, and for her heirs, successors, attorneys, agents, and assigns, releases, waives, and forever discharges the United States, its agencies, officers, employees, servants, and agents, from any claims, known or unknown, arising from the filing of the Relator's Complaint and from any claims under 31 U.S.C. § 3730.

12. Notwithstanding the releases given in Paragraph 7 and 8 of this Stipulation, or any other term of this Stipulation, the following claims of the United States are specifically reserved and are not released by this Stipulation:

    a. Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

    b. Any criminal liability;

    c. Except as expressly stated in Paragraphs 7 and 8, any administrative liability, including mandatory exclusion from Federal health care programs;

    d. Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct; and

    e. Any liability based on obligations created by this Stipulation.

13. CCH waives and shall not assert any defenses that CCH-New York or CCH Group may have to any federal criminal prosecution or federal administrative action relating to the

Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Stipulation bars a remedy sought in such federal criminal prosecution or federal administrative action. Nothing in this Paragraph or any other provision of this Stipulation constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

14. CCH fully and finally releases the United States, and its agencies, officers, employees, servants, and agents from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that CCH has asserted, could have asserted, or may assert in the future against the United States, and its agencies, officers, employees, servants, and agents, related to the Covered Conduct and the United States' investigation and prosecution thereof.

15. The Settlement Amount shall not be decreased as a result of the denial of claims for payment now being withheld from payment by any Medicare contractor (e.g., Medicare Administrative Contractor, fiscal intermediary, carrier) or any state payer, related to the Covered Conduct; and CCH agrees not to resubmit to any Medicare contractor or any state payer any previously denied claims related to the Covered Conduct, and agrees not to appeal any such denials of claims.

16. CCH agrees to the following:

    a. <u>Unallowable Costs Defined</u>: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47; and in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk-1 and 1396-1396w-5; and the regulations and official program directives promulgated thereunder) incurred by

or on behalf of CCH, its present or former officers, directors, employees, shareholders, and agents in connection with:

(1) the matters covered by this Stipulation;

(2) the United States' civil investigation of the Covered Conduct;

(3) the investigation, defense, and corrective actions undertaken by CCH in response to the United States' civil investigation of the Covered Conduct (including attorney's fees);

(4) the negotiation and performance of this Stipulation;

(5) the payments CCH makes to the United States pursuant to this Stipulation, including costs and attorney's fees; and

(6) the negotiation of, and obligations undertaken pursuant to the CIA to:

(i) retain an independent review organization to perform annual reviews as described in Section III of the CIA; and

(ii) prepare and submit reports to the HHS-OIG

are unallowable costs for government contracting purposes and under the Medicare Program, Medicaid Program, TRICARE Program, and Federal Employees Health Benefits Program (FEHBP) (hereinafter referred to as Unallowable Costs). However, nothing in Paragraph 16.a.(6) that may apply to the obligations undertaken pursuant to the CIA affects the status of costs that are not allowable based on any other authority applicable to CCH.

b. Future Treatment of Unallowable Costs: Unallowable Costs shall be separately determined and accounted for by CCH, and CCH shall not charge such Unallowable Costs directly or indirectly to any contracts with the United States

or any State Medicaid program, or seek payment for such Unallowable Costs through any cost report, cost statement, information statement, or payment request submitted by CCH or any of its subsidiaries or affiliates to the Medicare, Medicaid, TRICARE, or FEHBP Programs.

c. <u>Treatment of Unallowable Costs Previously Submitted for Payment</u>: CCH further agrees that within 90 days of the Effective Date of this Agreement it shall identify to applicable Medicare and TRICARE fiscal intermediaries, carriers, and/or contractors, and Medicaid and FEHBP fiscal agents, any Unallowable Costs (as defined in this Paragraph) included in payments previously sought from the United States, or any State Medicaid program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by CCH or any of its subsidiaries or affiliates, and shall request, and agree, that such cost reports, cost statements, information reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the Unallowable Costs. CCH agrees that the United States, at a minimum, shall be entitled to recoup from CCH any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted cost reports, information reports, cost statements, or requests for payment. Any payments due after the adjustments have been made shall be paid to the United States pursuant to the direction of the Department of Justice and/or the affected agencies. The United States reserves its rights to disagree with any calculations submitted by CCH or any of its subsidiaries or affiliates on the effect of inclusion of Unallowable Costs (as defined in this Paragraph) on

>   CCH or any of its subsidiaries or affiliates' cost reports, cost statements, or information reports.
>
>   d. Nothing in this Agreement shall constitute a waiver of the rights of the United States to audit, examine, or re-examine CCH's books and records to determine that no Unallowable Costs have been claimed in accordance with the provisions of this Paragraph.

17. Except as expressly provided to the contrary in this Stipulation, this Stipulation is intended to be for the benefit of the Parties only. The Parties do not release any claims they may have against any other person or entity, except as provided herein.

18. CCH agrees that it waives and shall not seek payment for any of the health care billings covered by this Stipulation from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or third party payors based upon the claims defined as Covered Conduct.

19. This Stipulation is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Stipulation is the United States District Court for the Southern District of New York. For purposes of construing this Stipulation, it shall be deemed to have been drafted by all Parties and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

20. Subject to the exceptions set forth in this Stipulation, and in consideration of the obligations of CCH as set forth in this Stipulation, and conditioned upon CCH's full compliance with the terms of this Stipulation, including full payment of the Settlement Amount in accordance with Paragraph 2, the United States shall dismiss with prejudice the claims against CCH-New York and CCH Group in the United States Complaint.

21. The United States and CCH shall each bear its own legal and other costs incurred in

connection with this matter, including the preparation and performance of this Stipulation.

22. The undersigned counsel and other signatories represent and warrant that they are fully authorized to execute this Stipulation on behalf of the persons and entities indicated below.

23. This Stipulation may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Stipulation. Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Stipulation.

24. This Stipulation is binding on CCH's successors, transferees, heirs, and assigns.

25. This Stipulation is binding on Relator's successors, transferees, heirs, and assigns.

26. Any notice pursuant to this Stipulation shall be in writing and shall, unless expressly provided otherwise herein, be delivered by express courier and by e-mail transmission, followed by postage-prepaid mail, to the following representatives:

To the United States:

Cristine Irvin Phillips
Assistant United States Attorney
United States Attorney's Office, Southern District of New York
86 Chambers Street, 3rd Floor
New York, NY 10007
E-mail:   Cristine.Phillips@usdoj.gov

To HHS-OIG:

Kaitlyn L. Dunn, Associate Counsel
Office of Counsel to the Inspector General
Administrative & Civil Remedies Branch
U.S. Department of Health and Human Services
330 Independence Avenue, SW – Cohen Building, Room 5627 A.1
Washington, DC 20201
Email:    Kaitlyn.Dunn@oig.hhs.gov

To CCH-New York and CCH Group:

Sean Cenawood
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020
E-mail: sean.cenawood@dentons.com

and

Jennifer O'Neill, General Counsel
CCH
200 Lanidex Plaza, Suite 2101
Parsipanny, NJ 07054

To the Relator:

Benjamin Bianco
Frank & Bianco LLP
275 Madison Avenue
New York, New York 10016
E-mail:   bbianco@frankandbianco.com

27. The effective date of this Stipulation is the date upon which this Stipulation is entered by the Court (the "Effective Date").

28. This Stipulation constitutes the complete agreement between the Parties. This Stipulation may not be amended except by written consent of the Parties.

*For the United States*:                          *For HHS-OIG*

Dated: New York, New York            Dated: Washington, District of Columbia
       January 15, 2015                      January __, 2015

Preet Bharara
United States Attorney            By: _____

By: _____            Robert K. DeConti
    Christine Ervin Phillips              Assistant Inspector General for Legal
    Assistant United States Attorney      Affairs
    86 Chambers Street, 3rd Floor         Office of Counsel to the Inspector
    New York, New York 10007              General
                                          Office of Inspector General
                                          United States Department of Health
                                          and Human Services

To CCH-New York and CCH Group:

Sean Cenawood
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020
E-mail: sean.cenawood@dentons.com

and

Jennifer O'Neill, General Counsel
CCH
200 Lanidex Plaza, Suite 2101
Parsipanny, NJ 07054

To the Relator:

Benjamin Bianco
Frank & Bianco LLP
275 Madison Avenue
New York, New York 10016
E-mail: bbianco@frankandbianco.com

27. The effective date of this Stipulation is the date upon which this Stipulation is entered by the Court (the "Effective Date").

28. This Stipulation constitutes the complete agreement between the Parties. This Stipulation may not be amended except by written consent of the Parties.

*For the United States*:

Dated: New York, New York
       January __, 2015

Preet Bharara
United States Attorney

By: _____
    Cristine Irvin Phillips
    Assistant United States Attorney
    86 Chambers Street, 3rd Floor
    New York, New York 10007

*For HHS-OIG*

Dated: Washington, District of Columbia
       January 30, 2015

By: *Robert K. DeConti*
    Robert K. DeConti
    Assistant Inspector General for Legal Affairs
    Office of Counsel to the Inspector General
    Office of Inspector General
    United States Department of Health and Human Services

| For CCH-New York and CCH Group: | For the Relator |
|---|---|
| Dated: New York, New York<br>January 26, 2015 | Dated: New York, New York<br>January ___, 2015 |
| DENTONS US LLP | FRANK & BIANCO LLP |
| By: *Sean Cenawood* (signature)<br>Sean Cenawood<br>1221 Avenue of the Americas<br>New York, NY 10020 | By: _____<br>Benjamin D. Bianco<br>275 Madison Avenue<br>New York, New York 10016 |
| CCH-New York | |
| By: _____<br>Judith Grey<br>Member | _____<br>Lynneth Brooks |
| CCH Group | |
| By: _____<br>Milton Heching<br>CEO | |

SO ORDERED:

_____
HON. J. PAUL OETKEN
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
        ___ _____, 2015

<u>For CCH-New York and CCH Group</u>:

Dated: New York, New York
January __, 2015

DENTONS US LLP

By: _____
Sean Cenawood
1221 Avenue of the Americas
New York, NY 10020

CCH-New York

By: _____
Judith Grey
Member

CCH Group

By: _____
Milton Heching
CEO

<u>For the Relator</u>

Dated: New York, New York
January __, 2015

FRANK & BIANCO LLP

By: _____
Benjamin D. Bianco
275 Madison Avenue
New York, New York 10016

_____
Lynneth Brooks

SO ORDERED:

_____
HON. J. PAUL OETKEN
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
           _____, 2015

| *For CCH-New York and CCH Group*: | *For the Relator* |
|---|---|
| Dated: New York, New York<br>January __, 2015 | Dated: New York, New York<br>January 31, 2015 |
| DENTONS US LLP | FRANK & BIANCO LLP |
| By: _____<br>Sean Cenawood<br>1221 Avenue of the Americas<br>New York, NY 10020 | By: *[signature]*<br>Benjamin D. Bianco<br>275 Madison Avenue<br>New York, New York 10016 |
| CCH-New York | |
| By: _____<br>Judith Grey<br>Member | *[signature]*<br>Lyaneth Brooks |
| CCH Group | |
| By: _____<br>Milton Heching<br>CEO | |

SO ORDERED:

*[signature]*

HON. J. PAUL OETKEN
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
        Feb. 17, 2015